In the United States District Court
For the Western District of Virginia

GARY HANCOCK

pg 1

V

Case # 722cv00192

UNITED STATES

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 04 2022

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## Complaint With Jury Demand

Comes now the plaintiff, pro se, Filing this civil action under the Federal Tort Claims Act (FTCA) for Medical negligence and malpractice against Medical Staff at the F.B.O.P. United States Penitentiary in Lee County Virginia.

### Exhaustion Of Administrative Remedies

The plaintiff mailed his Administrative Claim, Concerning the Facts in this case, To the F.B.O.P. Mid Atlantic Regional Office via Certified Mail with tracking number showing that it was delivered. To this date, the plaintiff has not recieved the denial letter from the Mid Atlantic Regional Office, and the 6 months to respond has expired. The Adminstrative claim was filed within the Statute of limitations.

### Facts

1. The Plaintiff arrived at USP Lee on or about

2

April 24, 2018.

2. Shortly after arriving at USP Lee, the plaintiff began to complain to Medical staff that he was suffering Chronic Constipation and extremely severe abdominal pain that radiated to his lower back (right side).

3. Medical Staff insisted that the plaintiff purchase Over the Counter (OTC) Medications from Commissary (stool softeners, Fiber, and pain Meds), Prior to Medical Staff seeking to treat or diagnose his Condition in another Manner.

4. Over the Course of the next 2 and a half years (approximately) the plaintiff visited Medical staff with the Same Complaints on numerous occasions, also telling Medical Staff that treatment with OTC Medication was not helping his painful Condition. Plaintiff also requested to see a Gastro-intestinal (GI) specialist; this request was disregarded by Medical staff.

5. For the next 2 plus years (approximately), Medical staff Continued to instruct the plaintiff to purchase OTC Medication to treat his Condition, after being notified that OTC Meds were not helping. Throughout this time, Medical Staff refused to provide the plaintiff with pain Medication for his pain.

3

6. In May of 2020, abnormal lab results indicated "Suggestive of Celiac Disease or other gluten-sensitive enteropathy." Medical staff failed to notify plaintiff of these abnormal lab results or pursue any further testing or course of treatment.

7. Throughout this ordeal, Medical staff (primarily Nurse Nancy Smith) continued to "make light" of the plaintiff's severe condition — oftentimes in a mocking, belittling manner.

8. Months after plaintiff's transfer to USP Thomson, Illinois in August of 2020, plaintiff was sent to an Outside GI specialist who diagnosed plaintiff with Gluten Sensitivity (non-celiac) and prescribed him a gluten-free diet. Since being on the gluten-free diet, Plaintiff's pain has drastically decreased and his health has improved.

9. In June 2019 the plaintiff visited medical staff Complaining of Complications with his seizure disorder, and requested that his seizure medication be re-started. Plaintiff's Medical records indicate a history of seizures but USP Lee Medical staff refused to provide plaintiff with seizure medication for approximately 6 months. During this time plaintiff suffered frequent "Myoclonic" Seizures/Convulsions without his medication. This lack

4

of seizure medication also negatively affected the plaintiff's mental health. Nurse Nancy Smith mocked plaintiff's need for seizure medication saying "you're little twitches are not seizures!" Smith was very disrespectful toward plaintiff when he inquired in the future about his meds, on and off the record.

10. In approximately December 2020 plaintiff was sent to an outside hospital FoR EEG Testing which yeilded abnormal results showing a seizure disorder.

## Claims For Relief

11. Medical Staff's Failure to seek different courses of Treatment, after being notified that OTC Medication was not working, constituted the torts of Medical negligence and Malpractice (by USP Lee Medical Staff and Supervising Doctor (s) at the Regional level) and the tort of "intentional infliction of emotional distress."

12. Medical Staff's Failure to refer plaintiff to a GI Specialist, after being unable to diagnose his condition, constituted the torts of Medical negligence and Malpractice and the intentional infliction of emotional distress.

13. Medical Staff's refusal to prescribe pain Medication for the plaintiff constituted Medical

5

negligence, Malpractice, and the intentional infliction of emotional distress.

14. Medical Staff's Failure to notify plaintiff of his abnormal lab results, indicating "Celiac disease or other gluten-sensitive enteropathy", or pursue Further testing, treatment, or specialist referral Constituted the torts of Medical negligence, Malpractice, and intentional infliction of emotional distress. Plaintiff didn't Find out about the abnormal lab results until approximately 8 Months later at USP Thomson. Staff's Failure to address this at USP Lee lengthened the plaintiff's pain and suffering.

15. Medical Staff's refusal to provide plaintiff with seizure medication after being notified that plaintiff was having Complications with his seizure disorder Constituted the torts of Medical negligence, Malpractice, and intentional infliction of emotional distress.

## Relief Requested

WHEREFORE, the plaintiff requests that the Court grant the Following relief:

6

A. Issue a declatory judgement stating that the actions of the defendants in 1.) refusing to seek alten alternative treatment to OTC meds; 2.) refusing to refer plaintiff to a GI specialist; 3.) refusing to prescribe pain meds to plaintiff; 4.) Failure to notify plaintiff of abnormal lab results and seek Further diagnostic testing, treatment, or specialist referral; 5.) Failure to provide plaintiff with seizure medication, all Constituted the torts of Medical negligence, Malpractice, and intentional infliction of emotional distress.

B. Award Compensatory damages against the defendants For the physical and emotional injuries sustained as a result of the defendants tortious Conduct.

I hereby declare under penalty of perjury that the facts in this Complaint are true and Correct to the best of My recollection.

3/28/2022

Respectfully Submitted,
Gary Hancock
Gary Hancock 56765-037
USP Thomson
PO BOX 1002
Thomson, IL 61285

Gary Hancock 56765-037
United States Penitentiary
P.O. Box 1002
Thomson, IL 61285

QUAD CITIES IL PADF
IL 612 1 L
29 MAR 2022 PM

FOREVER / USA

INMATE

IDENTIFICATION

CONFIRMED

United States District Court
Office of the Clerk
210 Franklin Rd
Roanoke, VA 24011

Legal
Mail

240112214