**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **GARY HANCOCK,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:22cv00192** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES,** | ) | **By: Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Gary Hancock, a federal inmate proceeding *pro se*, has filed suit against the United States under the Federal Tort Claims Act (FTCA), alleging that physicians at USP Lee committed medical malpractice and intentionally inflicted emotional distress on him during his incarceration at USP Lee from April 2018 to August 2020. The defendant has filed a motion to dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6). For the reasons stated below, I will grant the motion to dismiss the claim for intentional infliction of emotional distress, but I deny the motion to dismiss the claims for medical malpractice.

## I. BACKGROUND

The facts alleged in Hancock's complaint are accepted as true for purposes of considering a motion to dismiss. Hancock alleged that he arrived at USP Lee on or about April 24, 2018. Shortly after arrival, he complained to medical staff that he was suffering from chronic constipation and severe abdominal pain that radiated to his lower back on the right side. Medical staff instructed Hancock to purchase over the counter (OTC) medications—stool softeners, fiber, and pain medication—for his condition. Hancock complied but obtained no relief.

Hancock reported continuing symptoms several times, telling the medical staff that the OTC medications were not working. Nurse Nancy Smith "made light" of his condition and mocked his complaints of pain. He requested referral to a gastroenterologist, but the request was

ignored. In May 2020, medical staff ran some lab tests on Hancock, but never reported the results to him and never pursued any course of treatment other than the OTC medications. Hancock discovered much later, months after his August 2020 transfer to USP Thompson in Illinois, that the lab tests in May 2020 were reported as abnormal, suggesting "celiac disease or other gluten-sensitive enteropathy." USP Lee medical staff did not undertake any follow-up testing and did not pursue other treatment options. Hancock remained in severe pain throughout his two plus years at USP Lee.

After his transfer to USP Thompson, Hancock was sent to a gastroenterologist, who ultimately diagnosed non-celiac gluten sensitivity and prescribed a gluten-free diet. Upon following the prescribed diet, Hancock's symptoms significantly improved.

In addition to his gastro-intestinal problems, Hancock had a history of seizure disorder. In June 2019, he reported to medical staff that he was having seizures again, and he asked to be placed back on his seizure medication. The medical staff disrespectfully refused to provide his seizure medicine for approximately six months, during which time Hancock suffered frequent myoclonic seizures.

Hancock has alleged that these actions constituted medical negligence, malpractice, and intentional infliction of emotional distress. In particular, he has identified the following as acts of medical negligence:

1. Failure to pursue alternative treatment when advised that the OTC medications were not working;
2. Failure to refer him to a GI specialist when they could not diagnose his condition;
3. Refusal to prescribe stronger pain medication;

4. Failure to notify him of his abnormal lab results and failure to pursue follow-up testing and/or treatment based on those results; and
5. Failure to timely provide him with seizure medication when notified that he was again having seizures.

## II. Standards of Review

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the court. If there is no subject matter jurisdiction, the court must dismiss the action. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 653 (4th Cir. 1999). The court should grant the motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* at 647. When a motion to dismiss raises multiple grounds, Rule 12(b)(1) motions should be addressed first, because subject matter jurisdiction involves the court's "very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.2 (4th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) alleges that the complaint fails to state a claim for which relief may be granted, even accepting all the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the complaint's factual allegations raise the right to relief above the speculative level, then the motion to dismiss must be denied. *Id.* at 555.

## III. Discussion

### A. Intentional Infliction of Emotional Distress

The defendant challenges the emotional distress claim under both 12(b)(1) and 12(b)(6). Starting with subject matter jurisdiction, the doctrine of sovereign immunity deprives a court of jurisdiction to hear a case against its sovereign, the government, unless Congress waives the immunity and authorizes the court to hear the suit. In the FTCA, Congress provided such consent to civil suit for money damages against the United States in federal district court for

"personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Congress also created several exceptions to this waiver of immunity in 28 U.S.C. § 2680. The defendant argues that intentional infliction of emotional distress falls within the "intentional torts exception" under § 2680(h). That section provides that the FTCA does not waive immunity for:

> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . .

28 U.S.C. § 2680(h).

Clearly, intentional infliction of emotional distress is not specifically listed in subsection (h). Although the defense cites cases for the proposition that intentional infliction of emotional distress claims are barred by subsection (h), closer reading of those and other cases reveal that the Fourth Circuit Court of Appeals "looks behind the label placed by a plaintiff on a cause of action to ascertain its true nature in order to determine if it is barred by § 2680(h)." *Cantrel v. United States*, No. JKB-12-2607, 2013 WL 822045, *2 (D. Md. March 4, 2013). When a claim of emotional distress arose from libel, slander, and malicious prosecution, torts specifically listed in § 2680(h), the emotional distress claim was barred. *Harms v. United States*, 972 F.2d 339 at *5 (4th Cir. 1992) (unpublished) (per curiam). Conversely, when the emotional distress claim arose from alleged medical malpractice, as here, § 2680(h) did not apply, and sovereign immunity was waived by the FTCA.

The crux of Hancock's complaint is the stress, pain, and suffering he was caused by actions of the prison's medical staff which he contends constituted medical negligence or

malpractice. His emotional distress claim arises out of those medical negligence claims, not out of any intentional torts enumerated in § 2680(h). The court has subject matter jurisdiction over the emotional distress claim.

Although the court has subject matter jurisdiction over the emotional distress claim, as Hancock conceded in his brief in opposition to the motion dismiss (ECF No. 15, p. 7, ¶ 8), his allegations do not state a claim for intentional infliction of emotional distress. Such a claim requires proof of (1) severe emotional distress (2) proximately caused by (3) outrageous or intolerable conduct of the defendant (4) that was intentional or reckless. *Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (Va. 2008). Liability is present only when the conduct has been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Doe v. Baker*, 857 S.E.2d 573, 589 (Va. 2021) (internal citations omitted) (in suit against church defendants, allegations that church knew of pastor's impropriety with women over three decades at the church, who then learned that the pastor sexually molested the minor plaintiff, chose only to send the pastor for counseling, were insufficient to establish outrageous conduct). The medical negligence alleged by Hancock is mild by comparison and clearly does not allege sufficiently outrageous conduct to state a claim for intentional infliction of emotional distress. This claim will be dismissed for failure to state a claim on which relief may be granted.

**B. Medical Negligence/Malpractice**

The defendant also challenges the medical malpractice claims under Rules 12(b)(1) and 12(b)(6). Again, defendant asserts that the United States has not waived its sovereign immunity because of the discretionary function exception to the FTCA. This exception states that the Act's waiver of immunity does not apply to a claim based on the performance or failure to perform "a

discretionary function on the part of a federal agency or any employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The United States specifically states that the doctor's decisions whether to refer to a GI specialist and whether to advise Hancock of his lab results are protected by the discretionary function exception.

Medical/professional discretion is not the type of discretion the statutory exception refers to. "[T]he discretionary function exception is intended to shield the government from liability for the exercise of governmental discretion, not to shield the government from claims of garden-variety medical malpractice." *Sigman v. United States*, 217 F.3d 785, 795 (9th Cir. 2000). The United States Supreme Court explained that the purpose of the discretionary function exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984). Where only improper medical, professional negligence is alleged, the discretionary function exception does not apply. *Collazo v. United States*, 850 F.2d 1, 3 (1st Cir. 1988); *see also White v. United States*, 317 F.2d 13, 18 (4th Cir. 1963) (stating "[w]e find no case in which . . . negligent custodial care or malpractice . . . has been exempted under the discretionary exemption doctrine); *Jackson v. Kelly*, 557 F.2d 735, 738 (10th Cir. 1977) (stating that "medical treatment by a government doctor does not necessarily involve governmental discretion); *Lather v. Beadle County*, 879 F.2d 365, 368 (8th Cir. 1989) (holding that "where only professional, nongovernmental discretion is at issue, the discretionary function exception does not apply").

The United States Code imposes several duties on the Bureau of Prisons, including that the Bureau "shall . . . provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2). Safekeeping

and care include the duty to use reasonable care in provision of medical services. *Jones v. United States*, 91 F.3d 623, 624 (3d Cir. 1996). Hancock's complaint alleges medical negligence and malpractice, not negligent performance involving governmental discretion. Therefore, subject matter jurisdiction is proper in this court under the FTCA.

Next, the defendant contends that Hancock has failed to state a claim of medical malpractice for which relief may be granted because he did not "(1) identify a legal duty of the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff (4) proximately caused by the breach." Br. Supp. Mot. Summ. J. at 16, ECF No. 11. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In deciding a motion to dismiss for failure to state a claim for which relief may be granted, the court accepts that plaintiff's allegations as true and all reasonable inferences drawn from them. *Twombly*, 550 U.S. at 570.

Plaintiff alleged that he complained to the medical staff of "extremely severe abdominal pain that radiated to his lower back (right side)" and was told to take stool softeners, fiber, and OTC pain medication. Pet. at 2, ¶¶ 2–3, ECF No. 1. Over the next two and a half years, he continued to complain that his pain was not any better and the recommended products were not helping at all. Despite this, the medical staff provided no other treatment options and did no diagnostic tests. Further, they ignored his request to be sent to a gastroenterologist and refused to offer him something stronger for his stomach pain. Two years into his stay at USP Lee, a lab report indicated an abnormality "suggestive of celiac disease or other gluten-sensitive enteropathy." *Id.* at p. 3, ¶ 6. Not only did the medical staff fail to follow-up on the lab results by performing further tests or changing his course of treatment, but they also never even told him

about the abnormality. Plaintiff alleged that the conduct of the medical staff constituted medical negligence when they failed to pursue other treatment options, refused to give him other pain medication, refused to refer him to a specialist, and never told him about the abnormal lab results. Only after he was transferred to a new facility, sent to a gastroenterologist, diagnosed with a gluten sensitivity, and placed on a gluten-free diet did he finally get relief from his severe abdominal pain.

Liberally construing Hancock's allegations for the purposes of this motion, his allegation that the defendant's medical staff was medically negligent is the same as saying that they had a duty to use reasonable care to prevent harm to the plaintiff. That is the definition of negligence. *Yeary v. Holbrook*, 198 S.E. 441, 450 (Va. 1938) (defining negligence as failure to use ordinary care for the safety of another). Hancock then specifically described all the ways in which he alleges the medical staff breached that duty. Finally, he suggests that two and a half years of severe abdominal pain were caused by the staff's failure to identify and treat his gluten sensitivity sooner. In the other part of his claim for medical negligence, he alleges that medical staff refused to give him medication for his seizure disorder for six months, which caused him to have several seizures during that time which might have been avoided. For purposes of notice pleading and motion to dismiss, his allegations sufficiently state a claim. He has offered substantially more than the "formulaic recitation of the elements of the cause of action." *Twombly,* 550 U.S. at 555.

At this stage, Hancock has alleged enough to state a cause of action. Whether he can prove his allegations at trial is not the issue at the pleading stage. Issues of medical negligence and causation often fall beyond the common knowledge and experience of jurors, requiring an expert witness to establish the appropriate standard of care, breach of the standard, and cause of

injury; sometimes, however, an act of alleged negligence clearly lies within the range of the jury's common knowledge and experience, and an expert is not required. *Franklin v. K-mart Crop.*, 997 F.Supp.2d 453, 458 (W.D. Va. 2014).

## IV. CONCLUSION

For the reasons stated, the defendant's motion to dismiss (ECF No. 10) will be denied in part and granted in part. The motion to dismiss for lack of subject matter jurisdiction will be denied. The motion to dismiss for failure to state a claim for which relief may be granted will be granted as to the claim for intentional infliction of emotional distress and denied as to the claims for medical negligence.

An appropriate order will be entered this date.

ENTERED: December 18, 2023.

Robert S. Ballou
United States District Judge